UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY O. JENNINGS, | ) | Case No. 1:08 CV 0200 |
| | ) | |
| Plaintiff, | ) | Judge Kathleen M. O'Malley |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Gary O. Jennings filed this appeal seeking judicial reversal under 42 U.S.C. §1383(c)(3) from the administrative denial of supplemental security benefits or alternatively remand for clarification of the findings on Jennings' credibility. At issue is the ALJ's decision dated September 20, 2006, which stands as the final decision of the Commissioner. See 20 C.F.R. §416.1481. The ALJ concluded that Jennings was not disabled despite left eye glaucoma, right knee fracture, and left ankle fracture because he retained the residual functional capacity for sedentary work which, based on vocational expert testimony, allowed for the performance of other types of work which existed in significant numbers, as telephone information clerk, charge account clerk and addresser. (Tr.21-22)

As instructed, Jennings has filed his fact sheet and statement of errors specifying his challenge to the voluminous record, and the Commissioner has responded. This matter has been referred to the undersigned for report and recommendation. See Fed R. Civ. P. 72 and L.R. 72.2(b). Jennings contends that the ALJ failed to undertake a proper credibility analysis, contrary to law, with respect to its discussion on page 19 of the transcript. Derived from this argument, Jennings next

1:08CV200                                                                 2

contends that the ALJ's hypothetical question to the vocational expert at the administrative hearing was incomplete due to incomplete credibility analysis.

*Standard of Review:*

The issues before this court must be resolved under the standard whether there is substantial evidence in the record to support the Commissioner's decision. Substantial evidence is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Casey v. Secretary of Health & Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Wyatt v. Secretary*, 974 F.2d 680, 683 (6th Cir. 1992); *Born v. Secretary*, 923 F.2d 1168, 1173 (6th Cir. 1990); and see *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (court may "not inquire whether the record could support a decision the other way").

*I.*

*Credibility:*

The ALJ issued an unfavorable decision finding, in pertinent part, that:

3. The medical evidence establishes that the claimant has evidence of glaucoma, left eye; fracture right knee, status post operative, remote; and fracture left ankle, status post operative, remote, impairments which are severe but which do not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. The claimant has no severe mental impairment.

4. The claimant's statements concerning his impairments and their impact on his ability to work are not fully credible in light of the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the reports of the treating and examining practitioners, the medical history and the findings made on examination.

5. The claimant retains the residual functional capacity to perform the exertional demands of sedentary work activities, i.e., sitting at least 6 hours in an 8 hour work day (30 minutes at a time); no more than two hours of walking and standing, and frequent light lifting and/or carrying of small items with weighing up to 10 pounds.

1:08CV200                                                      3

> He has no vision and depth perception in his left eye. He has postural limitations in occasionally balancing and stooping (20 C.F.R. 416.967).

> (T. 22).

Jennings argues that the ALJ's discussion of credibility in the body of the decision to support the conclusion of finding no. 4, was nonsensical as follows:

> The claimant testified that he suffers from debilitating symptoms secondary to his problems with his legs, knees and left ankle. He uses a knee brace on a daily basis, anytime he goes for a walk. He sleeps with the knee brace. His ankles hurt every day and feels they are getting worse. He also alleges severe blindness of both eyes. He suffers from a history of hepatitis C.

> The undersigned finds the claimant's testimony was not fully credible. Specifically, the undersigned has considered the opinion of Herschel Pickholtz, ED.D, a psychologist, who outlined results from the performance of comprehensive diagnostic tests stated that the claimant exhibited the ability to stay focused on tasks in an organized manner and maintain a schedule.

> (Tr. 19).

At first it appears that the ALJ confused the ability to stay focused on tasks as evidence to refute testimony about blindness, etc. The relevancy of this portion of Dr. Pickholtz' report is dubious. However, Jennings is being evasive by omitting the remainder of the ALJ's discussion on that page where "the claimant lied and drove himself to the evaluation, even with his visual problems. The claimant also stated that he was able to take care of himself and with appropriate glasses he could read and understand what he read and can see well." (Tr. 19, 595).

Dr. Pickholtz performed a consultative psychological evaluation at the behest of the state agency on July 15, 2004. (Tr. 593). He was told by Jennings that the primary reasons he was not working were vision and seizure problems (Tr. 594). Jennings also told the doctor that he was

1:08CV200                                                                                  4

"dropped off" for the evaluation. (Tr. 594). Reportedly after the evaluation, Jennings was observed driving away by himself, and the doctor related that Jennings had told him he was not permitted to drive on account of his vision problems and seizures. (Tr. 594). The remainder of Dr. Pickholtz' conclusions were accurately recited by the ALJ on transcript page 19.

Jennings attempts to couch this as improper credibility analysis under Social Security Ruling 96-7p. The ALJ did provide adequate reasoning to provide the court with the weight given to the individual's statements and the reasons for that weight. See Social Security Ruling 96-7p. Credibility determinations track pain analysis. See *Felisky v. Bowen*, 36 F.3d 1027, 1038-39 (6th Cir. 1997); *McCoy v. Chater*, 81 F.3d 44, 47 (6th Cir. 1995), *cert. denied*, 518 U.S. 1022 (1996); *Walters v. Comm. of Soc. Sec.*, 127 F.3d 525, 531-32 (6th Cir. 1997); and see *Saddler v. Commissioner of Soc. Sec.*, 173 F.3d 429, 1999 WL 137621 (Table 6th Cir. March 4, 1999); 20 C.F.R. §404.1529(c)(3); §416.929(c)(3).The ALJ's discussion of credibility, further, must contain clearly stated reasons. *Felisky v. Bowen*, 35 F.3d at 1036, citing *Auer v. Secty. of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987). The Commissioner has ordered that administrative decisions,"must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewer the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling (SSR) SSR 96-7p, 1996 WL 374186 *1-2; *Saddler* at *2.

The ALJ also referred to Exhibit B-11F concerning reports of only left eye blindness (Tr. 20), and Jennings has not referred to any reports to contradict the ALJ's conclusion that there was no right

1:08CV200                                                       5

eye limitation. The ALJ certainly had substantial evidence to discredit Jennings with evidence of exaggerating or "faking bad" in this medical exam. See *Williamson v. Secretary of Health & Human Servs.*, 796 F.2d 146, 149-50 (6th Cir. 1986).

The ALJ then proceeded to incorporate the objective medical evidence into the credibility assessment. Inconsistency between medical history and testimony are significant credibility factors. See 20 C.F.R. §416.929(c)(4)(We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence . . . ). The ALJ reasoned:

> The claimant's allegations of symptoms simply do not support an allegation that he is incapable of performing any work activity. Significantly, his medical history and the objective medical evidence offer no basis for drawing reasonable conclusions regarding the extent of his alleged symptoms. These factors have been taken into account in the weighing of the claimant's credibility and determination of his residual functional capacity.
>
> (Tr. 20).

Jennings claims he cannot understand to what "factors" the ALJ is referring, but any reasonable construction of this statement points to medical history and objective medical evidence. The ALJ prior to this conclusion noted the reports from the treating physician Dr. Patel, who changed his opinion from light then to sedentary work capacity (Tr. 20, 726, 727-734, 743-750). Dr. Patel's latest opinion limited Jennings to frequently lifting and carrying 10 pounds, sitting 6 hours of the workday and stand/walking at least 2 hours of the workday based on the finding of moderate bilateral knee osteoarthritis and left eye blindness (Tr. 745-46). Jennings' own doctor did not corroborate Jennings' alleged disabling pain, and Jennings does not contest Dr. Patel's opinion. As

1:08CV200                                                       6

a result, there can be no clearer substantial evidence supporting the ALJ's decision to discount Jennings' credibility.

## II.

*Vocational Expert Opinion:*

A vocational expert's opinion cannot constitute substantial evidence unless the expert precisely considers the particular physical and mental impairments affecting claimant. *Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987); *McMillan v. Schweiker*, 697 F.2d 215, 221 (8th Cir. 1983). *Howard v. Commissioner*, 276 F.3d 235, 239 (6th Cir. 2002). However, the ALJ is not required to propound a hypothetical question accepting all claimant's allegations as credible. *Varley*, 820 F.2d at 780. Rather, the hypothetical question must be based upon factual assumptions supported by substantial evidence from the record. *Id*.

Jennings argues that the incomplete credibility analysis affected the hypothetical analysis to the vocational expert. This argument, in fact, is not derivative because Jennings' counter hypothetical to the vocational expert included the need for missing work due to medical appointments three times monthly on average (Tr. 804-05). The vocational expert eliminated all jobs with this additional limitation. *Id.* [1] The Commissioner argues that the record evidences medical

---

[1] And see *Rush v. Barnhart*, 432 F.Supp. 2d 969, 1005 n.4 (D.N.D. 2006), where the court questioned vocational testimony that competitive employment would allow for missing 2 days monthly for sickness, doctor's appointments and other medical reasons, when this computes to an annual 1-month absence.

1:08CV200                                              7

appointments once every month or every other month, and no medical appointments from September 2004 through May 2005.

Review of the hypothetical questions posed by the ALJ and Jennings' counsel, though, reveals an anomaly. Despite the ALJ's rejection of a sit-stand option contained in "hypothetical no. 2" which included a sitting restriction of 30 to 60 minute intervals (Tr. 21, 803), the ALJ actually adopted this residual functional capacity in Finding No. 5 with sitting at 30 minute intervals (Tr. 22).[2]

In any event, the ALJ did reject the third hypothetical to the vocational expert which required missing work three times a month for medical appointments. (Tr. 21). The ALJ claimed that the record supported him and Jennings offers nothing more than his unsupported testimony to the contrary. (See Tr. 804). The ALJ's analysis met the requirements of *Varley* and *Howard*, and consequently there was substantial evidence supporting the ALJ's decision to reject a vocational restriction caused by absence for frequent medical treatment.

### *CONCLUSION AND RECOMMENDATION*

---

[2] The vocational expert testified that this sit-stand option would not significantly impact the telephone information clerk position, but would reduce the numbers of charge account clerk and addresser positions 10 to 20 percent (Tr. 803-04).

1:08CV200                                                         8

The issues before this court must be resolved under the standard of whether the determination is supported by substantial evidence of record. "Under 42 U.S.C. §405(g), the ALJ's findings are conclusive as long as they are supported by substantial evidence." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986) (stating that this court's review "is limited to determining whether there is substantial evidence in the record to support the findings")." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Based on the arguments presented, the record in this matter and the applicable law, the undersigned recommends that the Commissioner's determination denying supplemental security income be affirmed as supported by substantial evidence.


                                              s/James S. Gallas
                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).


Dated: January 12, 2009