**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GARY O. JENNINGS,** | : | **Case No. 1:08-CV-200** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | <u>**OPINION & ORDER**</u> |
| **Defendant.** | : | |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") denying the application of the Plaintiff, Gary O. Jennings, for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Pursuant to Local Rule 72.2(b), this matter was referred to Magistrate Judge James S. Gallas for preparation of a Report and Recommendation ("R&R"). In his R&R, the Magistrate Judge recommended that the Commissioner's final administrative decision be affirmed as supported by substantial evidence, and that final judgment be entered in the Commissioner's favor. (Doc. 18.) Jennings has timely filed an objection to the R&R (Doc. 19), and the Commissioner has filed a response (Doc. 20). For the reasons articulated below, the Court **OVERRULES** Jennings' objection, **ADOPTS** the R&R, and **AFFIRMS** the final administrative decision of the Commissioner denying Jennings' application.

## I. BACKGROUND

Jennings filed his SSI application on April 13, 2004, alleging disability as of January 1, 2004 due to a number of physical impairments, including vision problems, seizures, and right knee and ankle pain.[1] At the state agency level, Jennings' application was denied initially on September 9, 2004, and upon reconsideration on November 17, 2004. Jennings then requested a de novo hearing before an ALJ. ALJ Dean K. Franks conducted an evidentiary hearing on January 4, 2006 and a supplemental hearing on June 23, 2006. At the January 2006 hearing, the ALJ solicited testimony from Jennings, who was represented by counsel, and vocational expert ("VE") Gregory Jones. On September 20, 2006, the ALJ issued a decision unfavorable to Jennings. In short, the ALJ concluded at step five of the five-step sequential analysis set out in the Social Security regulations that Jennings had the residual functioning capacity ("RFC") to perform a reduced range of sedentary work, and that a sufficient number of jobs existed which he could perform based on the VE's testimony, such

---

[1] Previously, Jennings filed an application for SSI benefits in December 1998. In a decision issued by an Administrative Law Judge ("ALJ") on January 15, 2004, Jennings was awarded benefits based on a closed period of disability covering the period of November 21, 1998 through August 29, 2001.

that he was not under a "disability" as defined by the Social Security Act.[2] On December 26, 2007, the Appeals Council denied Jennings' request for review of ALJ Franks' decision, thereby rendering the ALJ's decision the final administrative decision of the Commissioner.

On January 24, 2008, Jennings sought this judicial review of the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). (Doc. 1.) As noted, Jennings' action was referred to Magistrate Judge Gallas for preparation of a R&R, and the Magistrate Judge's R&R recommended that the Commissioner's final administrative decision be affirmed as supported by substantial evidence, and that final judgment be entered in the Commissioner's favor. (Doc. 18.) Specifically, in his R&R, the Magistrate Judge rejected Jennings' two assertions of error, concluding that: (1) the ALJ did not err in assessing Jennings' credibility and determining that Jennings'

---

[2] Under Social Security regulations, an ALJ must follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520, 416.920. The Sixth Circuit has summarized the five steps as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). During the first four steps of the sequential analysis, the claimant has the burden of proof. *Id.* At the fifth step, the burden shifts to the Commissioner. *Id.*

testimony was not fully credible; and (2) the ALJ did not err in rejecting Jennings' proposed hypothetical question to the VE regarding the need for missing work to attend medical appointments three times a month. (*Id.*)

On January 26, 2009, Jennings timely filed an objection to the Magistrate Judge's R&R. (Doc. 19.) Jennings objects only to the portion of the R&R in which the Magistrate Judge concluded that the ALJ did not err in assessing Jennings' credibility. (*Id.*) Jennings contends that the Magistrate Judge and the ALJ placed too much emphasis on one specific incident that called Jennings' credibility into question, namely, the fact that Jennings reported that he had been "dropped off" for an examination with consultative psychologist, Dr. Herschel Pickholtz, but was then seen by Dr. Pickholtz driving away from the examination. (*Id.* at 1.) Jennings submits that he provided an uncontroverted explanation for the alleged lie to Dr. Pickholtz (Jennings testified at the January 2006 evidentiary hearing that he had driven, because the individual who was supposed to drive him home was under the influence of alcohol), and that "continued reliance on this inconsistency as substantial proof of a lack of credibility simply cannot be justified." (*Id.* at 2.)

On February 9, 2009, the Commissioner filed a response to Jennings' objection. (Doc. 20.) The Commissioner argues that: (1) Jennings never raised any issue with respect to the ALJ's discussion or reliance on Dr. Pickholtz's report in his brief before the Magistrate Judge; and (2) in any event, the ALJ properly considered Dr. Pickholtz's report, among many other factors, in determining that Jennings' testimony was not fully credible. (*Id.*)

## II.  STANDARD OF REVIEW

In cases that are referred to a magistrate judge for preparation of a R&R, the Federal Magistrates Act requires that a district court conduct a de novo review only of those portions of a R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). The district court may

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action, however, is not de novo. Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence. *Id.* To determine whether substantial evidence exists to support the ALJ's decision, a district court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Further, a district court must not focus, or base its decision, on a single piece of evidence. Instead, a court must consider the totality of the evidence on record. *See Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

In fact, if there is conflicting evidence, a district court generally will defer to the ALJ's findings of fact. The Sixth Circuit instructs that "[t]he substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a *zone of choice* within which the decision maker can go either way without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)) (emphasis added). Accordingly, an ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as

substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Nevertheless, even if an ALJ's decision is supported by substantial evidence, that decision will not be upheld where the Commissioner "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III. DISCUSSION

As noted, Jennings raises only one objection to the R&R, contending that the Magistrate Judge placed too much emphasis on Jennings' alleged lie to Dr. Pickholtz and, therefore, wrongly concluded that the ALJ did not err in assessing Jennings' credibility. Upon a de novo review of this portion of the R&R, the Court agrees with the Magistrate Judge and concludes that the ALJ applied the correct legal standards in reaching his decision and that substantial evidence in the record supports the ALJ's credibility determination. Further, because Jennings failed to object to any other portion of the R&R, the Court adopts the remainder of the R&R without additional discussion of Jennings' contention that the ALJ erred in rejecting Jennings' proposed hypothetical question to the VE, *see Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Hendrix v. Comm'r of Soc. Sec.*, No. 97-3637, 1998 U.S. App. LEXIS 30011, at *10 n.2 (6th Cir. Nov. 19, 1998); *Crum v. Sullivan*, 921 F.2d 642, 645 n.1 (6th Cir. 1990); *Walters*, 638 F.2d at 949-50, and affirms the final administrative decision of the Commissioner denying Jennings' SSI application.

**JENNINGS' OBJECTION – THE ALJ'S CREDIBILITY DETERMINATION**

In a Social Security appeal, the credibility determinations of an ALJ generally are to be afforded great deference by a reviewing court. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility

of witnesses, including that of the claimant."); *Jones*, 336 F.3d at 476 ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness' demeanor while testifying."). Consequently, when reviewing an ALJ's credibility determination, a court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [a witness] are reasonable and supported by substantial evidence in the record." *Jones*, 336 F.3d at 476. Under Sixth Circuit case law and the relevant Social Security regulations, however, an ALJ is bound by certain restrictions and "is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting SSR 96-7p). Instead, an ALJ is required to make a credibility determination based on a consideration of the entire case record, which properly includes a consideration of the objective medical evidence, the medical opinion evidence, and a number of other factors relevant to a claimant's symptoms. *Id.*; *see also* 20 C.F.R. § 404.1529(c); SSR 96-7p. Moreover, an ALJ is under an obligation to explain his credibility determinations in his decision. *Rogers*, 486 F.3d at 247; *see also* SSR 96-7p ("The [ALJ's] determination or decision must contain specific reasons for the finding on credibility, supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

Here, contrary to Jennings' arguments – both before the Magistrate Judge and in his objection, the Court concludes that ALJ Franks' determination to discount the credibility of Jennings' testimony was sufficiently explained in the decision and supported by substantial evidence in the record. First, despite Jennings' unsupported contention, the ALJ was not required to specifically refer to SSR 96-7p when discussing his credibility determination. Where, as here, the

Court finds that the ALJ conducted the analysis required by a Social Security Ruling, the ALJ's "failure to mention it by name is not fatal to the decision." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006). Second, the Court reaches its conclusion that ALJ Franks conducted the required analysis under SSR 96-7p and otherwise rendered a proper decision, because the ALJ's credibility determination, consistent with the applicable law set out above, was based on a consideration of the entire case record and supported by substantial evidence, not an "intangible or intuitive notion" about Jennings' credibility. *Rogers*, 486 F.3d at 247. As noted in his findings, the ALJ considered Jennings' medical history, the objective medical evidence in the record, and medical opinions from both treating and examining physicians in assessing Jennings' credibility:

> The claimant's [Jennings'] statements concerning his impairments and their impact on his ability to work are not fully credible in light of the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the reports of the treating and examining practitioners, the medical history, and the findings made on examination.

(Tr. 22.) In particular, the ALJ highlighted, and ultimately relied on, the medical opinion of Jennings' treating physician, Sejan Patel, M.D., who twice reported that Jennings could perform at least sedentary work on a full-time basis. As correctly pointed out by the Magistrate Judge, this medical opinion evidence, which demonstrates that "Jennings' own doctor did not corroborate Jennings' alleged disabling pain," and which was not contested by Jennings on appeal, represents "no clearer substantial evidence supporting the ALJ's decision to discount Jennings' credibility." (Doc. 18 at 5-6.)[3] And third, Jennings' assertion in his objection that the Magistrate Judge and the

---

[3] The Court also notes here that ALJ Franks complied with applicable Sixth Circuit case law and Social Security regulations by giving significant weight to Dr. Patel's opinion. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) ("An ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'") (quoting 20 C.F.R. § 404.1527(d)(2)).

ALJ placed too much emphasis on Jennings' alleged lie to Dr. Pickholtz simply is not well-taken. There is nothing in the ALJ's decision to suggest that ALJ Franks improperly based his credibility determination on Dr. Pickholtz's report, let alone that it was "clear that the 'tipping point' for the finding against [Jennings'] credibility was the apparent lie and exaggeration to Dr. Pickholtz." (Doc. 19 at 3.)  Jennings' testimony at the January 2006 hearing, even if true, does not change the fact that Jennings actually drove himself from the examination, despite claiming that he was unable to drive because of vision and seizure impairments.  The ALJ, therefore, utilizing his discretion, could properly consider this evidence as a factor weighing against Jennings' statements about the severity of his symptoms and condition, and in fact, was just one among several other factors in the entire case record that the ALJ considered in determining that Jennings' allegations were not fully credible.

Accordingly, in light of the foregoing and based on the Court's review of the record in regards to Jennings' objection, the Court agrees with the Magistrate Judge's analysis in the R&R and concludes that the ALJ did not err in discounting the credibility of Jennings' testimony.

### IV. CONCLUSION

The Court finds that the ALJ's decision that Jennings was not "disabled" as that term is defined by the Social Security Act was reached by applying the correct legal standards and was supported by substantial evidence.  As such, for all of the above reasons, the Court **OVERRULES** Jennings' objection, **ADOPTS** the R&R, and **AFFIRMS** the final administrative decision of the Commissioner denying Jennings' application.

**IT IS SO ORDERED.**

**/s/ Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**Dated: February 13, 2009**            **UNITED STATES DISTRICT JUDGE**